FILED IN OPEN COURT
U.S.D.C. - Atlanta

SEP 15 2023

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF GEORGIA

## ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>MATTHEW DICKASON | **Criminal Information**<br>No. 1:23-cr-288 |

### THE UNITED STATES ATTORNEY CHARGES THAT:

### Background

At times relevant to this Criminal Information:

1.    The Defendant, MATTHEW DICKASON, was an attorney licensed to practice law in the State of Georgia.

2.    Defendant DICKASON was the owner of  Matthew A. Dickason, P.A., (hereinafter "the Dickason Firm"), a law firm located in the Northern District of Georgia.  The Dickason Firm specialized in real estate transactions and acted as a closing firm, with responsibility for organizing and overseeing the closing of real estate transaction.

3.    While in operation, the Dickason Firm was responsible for overseeing hundreds of real estate transactions totaling tens of millions of dollars.

**Count One**
**Wire Fraud**
**(18 U.S.C. § 1343)**

4.    The United States Attorney re-alleges and incorporates herein by reference the factual allegations set forth in paragraphs 1-3.

5.    Beginning on a date unknown and continuing through in or about August 2019, the exact dates unknown, in the Northern District of Georgia and elsewhere, the Defendant, MATTHEW DICKASON, knowingly devised and intended to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and by omission of material facts, well knowing and having reason to know that said pretenses, representations, and promises were false and fraudulent when made and caused to be made and that said omissions were and would be material.

**Scheme to Defraud**

6.    During the course of the scheme to defraud, Defendant DICKASON misappropriated millions of dollars' worth of client funds.

7.    It was part of the scheme to defraud that Defendant DICKASON accepted funds on behalf of clients seeking to purchase real estate. However, Defendant DICKASON began misappropriating these client funds. The majority of the misappropriated funds were used for the operating expenses of the Dickason Firm. After misappropriating client funds,

Defendant DICKASON used new client funds to complete the prior real estate transactions.

8.   In furtherance of the scheme to defraud, Defendant DICKASON caused to be transmitted fabricated information into the Dickason Firm's accounting system to make it appear the law practice was paying off a seller's mortgage when, in fact, he was misappropriating client funds. For instance, on April 18, 2019, Defendant DICKASON caused the transmission of an entry into the accounting system falsely stating that the Dickason Firm had wired $148,002.91 in satisfaction of a seller's mortgage. In actuality, Defendant DICKASON did not use these funds for the real estate closing but had wired the funds to another bank account under his control.

9.   Defendant DICKASON continued to misappropriate client funds until it became impossible to continue paying for new real estate transactions.  At that point, victims suffered millions of dollars in losses, as the Dickason Firm was unable to pay for their real estate transactions.

**Execution of Scheme to Defraud**

10.   To execute this scheme to defraud, Defendant DICKASON caused the transmission of interstate wire communications.  Among other executions of the scheme, on or about April 19, 2019, in the Northern District of Georgia and elsewhere, Defendant DICKASON, for the purpose of executing and attempting to execute the aforementioned scheme and

artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, did, with intent to defraud, cause to be transmitted by means of a wire communication in interstate and foreign commerce certain writings, signs, signals, and sounds, namely, an electronic transfer of approximately $148,002.91 to a Dickason Firm operating bank account.

All in violation of Title 18, United States Code, Section 1343.

### Forfeiture

11.     Upon conviction of the offense alleged in Count 1 of this Criminal Information, the Defendant, MATTHEW DICKASON, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property constituting or derived from proceeds obtained directly or indirectly as a result of said violations.

12.     If, as a result of any act or omission of Defendant DAVIS, any property subject to forfeiture

(a)     cannot be located upon the exercise of due diligence,

(b)     has been transferred or sold to, or deposited with, a third party,

(c)     has been placed beyond the jurisdiction of the court,

(d)     has been substantially diminished in value, or

(e)   has been commingled with other property which cannot be divided

without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code,

Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1)

and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other

property of said defendant up to the value of the forfeitable property.


RYAN K. BUCHANAN
 *United States Attorney*

JOHN RUSSELL PHILLIPS
 *Assistant United States Attorney*
Georgia Bar No. 576335

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
(404) 581-6000